Filed 4/7/16  P. v. Jimenez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR MANUEL JIMENEZ,<br><br>        Defendant and Appellant. | D068976<br><br><br><br>(Super. Ct. No. SCD262285) |

APPEAL from a judgment of the Superior Court of San Diego County, Jay M. Bloom, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

OVERVIEW

In late May 2015, a felony complaint was filed charging defendant Victor Manuel Jimenez (and a codefendant who is not a party to his appeal) with receiving stolen

property in excess of $950 (Pen. Code, § 496, subd. (a); count 1) and with being under the influence of a controlled substance (methamphetamine and/or heroin) (Health & Saf. Code, § 11550, subd. (a); count 2). The felony complaint further alleged defendant had two prison priors.

The record shows before the preliminary hearing in late June 2015, defendant pleaded guilty to counts 1 and 4 and admitted the two prison priors were true. The record further shows the court extensively questioned defendant regarding the plea deal and his understanding of its terms *before* it accepted defendant's plea.

That is, on questioning defendant acknowledged the following: that he was facing a maximum of five years in state prison on counts 1 and 4; that the court had discretion to sentence him to a maximum of five years in state prison and that if the court did so, he could not withdraw his plea; that if he was sentenced to state prison, he also could be placed on parole for up to 48 months on release; that other than the sentence imposed by the court, defendant was waiving his right to appeal; and that in sentencing defendant, the court could consider "all the original charges and allegations" brought against defendant.

The record includes defendant's four-page guilty plea. It shows that defendant initialed each of the boxes where requested and that he signed the plea form, after declaring under penalty of perjury that he had "read" and "understood" each of the terms of the plea. The record further shows defense counsel also signed the plea, after stating that she had "personally read and explained" to defendant the "entire contents of this plea

2

form" and that she had discussed "all charges and possible defenses" with defendant, including the consequences of his plea.

At sentencing in mid-August 2015, the record shows defense counsel argued the court should strike one of the prison priors and sentence defendant to a three-year term. In response, the People asked the court to follow the recommendation of probation and sentence defendant to a five-year term. The People argued a five-year term was appropriate based on defendant's extensive criminal history, which involved "many other incidences related to residential burglary [and] possession of stolen property."

The record shows the court imposed a four-year term to be served locally. The four-year term was comprised of the midterm of two years on count 1, with an additional year for each of defendant's prison priors. On count 4, a misdemeanor, the court imposed a 90-day sentence to run concurrent with his sentence on count 1.

In sentencing defendant, the record shows the court properly relied on California Rules of Court, rule 4.414. The court found that defendant's criminal history was "horrendous"; that while defendant was on parole, he committed the instant offense; that he has failed on supervised release since 2003; and that he has "numerous revocation commitments and violations." The court thus denied probation based on defendant's "significant prior criminal record" and his "unsatisfactory" prior performance when on probation and parole.

Defendant timely appealed from the judgment. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel filed a three-page brief on behalf of

3

defendant setting forth the key facts of the case and requesting we review the entire record. In addition, pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel set forth the following possible, but not arguable, issues to assist us in conducting our *Wende* review including whether defendant's plea was constitutionally valid.

On our own motion, we gave defendant 30 days to file a brief on his behalf with this court. Defendant did not file a supplemental brief.

DISCUSSION

It is beyond dispute that to be valid, a defendant's guilty plea must be knowing, intelligent, and voluntary. (*People v. Smith* (2003) 110 Cal.App.4th 492, 500.) A plea with those qualities presupposes the defendant knows of all the "direct consequences" of his plea. (*People v. Zaidi* (2007) 147 Cal.App.4th 1470, 1481.)

Here, as noted *ante*, the record shows the court extensively questioned defendant *before* accepting his plea and specifically advised defendant he was facing a maximum five-year term if he pleaded guilty to counts 1 and 4. What's more, the record shows that defense counsel "personally read and explained" to defendant the "entire contents" of the plea form, including the consequences of his plea, and that defendant swore under penalty of perjury he read and understood the terms of the plea. We thus conclude defendant's plea was knowing and voluntary and was not constitutionally invalid.

Finally, a review of the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable appellate issues in connection with defendant's motion.

DISPOSITION

The judgment of conviction is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.